United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 27, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 06-10533
Summary Calendar

Kyle Hamar

                                        Plaintiff-Appellant,

versus

Ashland, Inc.,
Air Products and Chemicals, Inc.

                                        Defendants-Appellees.

Appeal from the United States District Court
For the Northern District of Texas

(3:04-CV-1109)

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.
PER CURIAM:*

     The district court entered summary judgment against Kyle Hamar
on his ADA claims, dismissing his failure-to-accommodate claim
against Ashland, and dismissing his failure-to-hire claim against
Air Products.  We affirm.

     The district court dismissed Hamar's failure-to-accommodate
claim, ruling that Hamar had not exhausted his administrative
remedies before the EEOC with respect to that claim.  We agree.
Hamar, represented by counsel, filed the following charge with the
EEOC:

_____

     *Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

PERSONAL HARM:
    On August 29, 2003 I was discharged
RESPONDENT'S REASON FOR ADVERSE ACTION:
     No reason given
DISCRIMINATION STATEMENT:
    I believe that I have been discriminated against in that I
    have been perceived as having a disability in violation of
    the Americans with Disabilities Act of 1990.

He argues that from this charge, which asserts only a disparate treatment claim, an investigation into Ashland's failure to accommodate his disability could reasonably have been expected to grow.[1]    But the scope of Hamar's administrative charge is too narrow to have exhausted a claim for failure to accommodate.  The two relevant claims, failure to accommodate[2] and disparate treatment,[3]    represent distinct categories of disability discrimination under the ADA.  The EEOC could not reasonably have been expected, when presented with a claim alleging disparate treatment arising on August 29, 2003, to investigate the entirely distinct failure-to-accommodate claim arising from January 2003 through June of 2003.  The three circuits that have considered this very same question agree.[4]

---

[1]Sanchez, 431 F.2d at 466; Pacheco v. Mineta, 448 F.3d 783, 789 (5th Cir. 2006).

[2]42 U.S.C. 12112(b)(5)(A).

[3]42 U.S.C. 12112(a).

[4]*MacKenzie v. Denver*, 414 F3d 1266, 1274 n.13 (10th Cir. 2005); *Jones v. Sumser Retirement Village*, 209 F.3d 851, 854 (6th Cir. 2000); *Green v. National Steel Corp.*, 197 F.3d 894, 897–98 (7th Cir. 1999); *see also Belmear v. Mary Kay*

Moreover, although Hamar complained only of wrongful termination in his EEOC charge, he asserted only failure-to-accommodate in his federal complaint. Yet on appeal Hamar argues that his complaint actually did assert a wrongful-termination claim, but that the district court's ruling ignored it. Ashland responds that it was never put on notice of such a claim and that Hamar raises this issue for the first time on appeal. We hold that even if such a claim is present, Hamar has submitted no evidence, and indeed could have submitted no evidence, in support of it. This is because Ashland discharged everyone, not just Hamar. See McCann v. Texas City Refining, Inc., 984 F.2d 667, 674 (5th Cir. 1993) ("[I]t cannot be said that TCR discharged McCann because of her age; TCR sold the refinery and discharged everyone.").

Finally, the district court dismissed Hamar's failure-to-hire claim against Air Products, ruling that the company was not a successor employer to Ashland. On appeal, Hamar argues that the district court misunderstood his theory, and he now argues that his theory of liability rested on common-law agency principles.[5] Charitably construed, his argument is that once the Ashland Mangers were notified by Air Products that they would keep their jobs, they became agents of Air Products, and that their efforts to undermine Hamar's return to work effected a failure to hire violation.

_Inc._, 2000 WL 127282 (N.D. Tex. Feb. 3, 2000).

[5]_See, e.g._, _Smith v. Metropolitan School Dist. Perry Tp._, 128 F.3d 1014, 1024 (7th Cir. 1997).

Without commenting on viability of such a theory, we affirm the district court's dismissal.  The burden of proving an agency relationship is on the party asserting it,[6] and Hamar points to no evidence which tends to establish this agency relationship.

Accordingly, the judgment of the district court is

AFFIRMED.

---

[6]Restatement (Third) Of Agency § 1.02, cmt.d (2006).